PROB 12C
Rev 2/03

# United States District Court

for

## Southern District of Ohio

### Petition for Warrant or Summons for Offender Under Supervision

FILED
JAMES BONINI
CLERK

'06 APR -6 AM 6:49

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

| | |
|---|---|
| Name of Offender: | Tina Marie Strickland       Case Number: 1:01CR00065 |
| Name of Sentencing Judicial Officer: | The Honorable Sandra S. Beckwith<br>Chief United States District Judge |
| Date of Original Sentence: | April 11, 2002 |
| Original Offense: | Count One-Bank Fraud, a violation of 18 U.S.C. § 1344 |
| Original Sentence: | 1 day(s) prison, 48 month(s) supervised release |
| Special Conditions: | 1) Obey all federal, state, and local laws<br>2) No firearms or other dangerous devices<br>3) No illegal possession of a controlled substance<br>4) One drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter<br>5) Provide all requested financial information to USPO, and do not open any new lines of credit without the USPO's approval. No new purchases on existing lines of credit without USPO's approval.<br>6) The defendant shall cooperate with the federal, state, and local authorities in the determination of her taxable income and the payment of any taxes, penalties, or interest due as a result of the instant offense<br>7) Agree to consent judgement against her in the amount of $13,264 which shall survive any period of supervised release<br>8) Participate in the National Corrective Training Institute theft class at her own expense<br>9) Serve 120 days electronically monitored home confinement<br>10) Pay restitution in the amount of $13,264 to Fifth Third Bank<br>11) Pay $100 special assessment |

Type of Supervision: **Supervised Release**                Date Supervision Commenced: **April 11, 2002**

Assistant U.S. Attorney:                                                                 Defense Attorney:
**Ralph Kohnen, Esq.**                                                                 **C. Ransom Hudson, Esq.**

PROB 12C
Rev 2/03

2

## PETITIONING THE COURT

[ ]   To issue a warrant
[X]   To issue an Order to Appear and Show Cause. To toll the time of supervised release as Strickland is scheduled to complete supervised release on April 10, 2006.
[ ]   To grant an exception to revocation without a hearing.

The probation officer finds, under penalty of perjury, that probable cause to believe the defendant has violated one or more conditions of supervision exists:

| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | Strickland has allegedly violated the supervised release condition that states: "The supervised releasee shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written monthly report within the first five days of each month." The offender failed to report for supervision and did not call to reschedule her supervision meetings that were scheduled for September 6, 2005, November 14, 2005, February 3, 2006, March 10, 2006, and March 30, 2006. She also failed to be present for a home inspection and supervision meeting on November 30, 2005. Strickland also failed to submit completed written monthly report forms for February and March 2006. |
| #2 | The offender allegedly violated the supervised release condition that states: "The supervised releasee shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer." This officer verbally directed Strickland to pay her outstanding $75 special assessment balance on February 3, 2006, and then again on March 30, 2006. However, the offender failed to comply with this directive as she failed to report as directed on those dates. |
| #3 | Strickland allegedly violated the supervised release condition that states: "The supervised releasee shall pay a special assessment in the amount of $100." Strickland has only paid $25 towards her special assessment to date, and still owes an outstanding special assessment balance of $75 with less than one week remaining on her period of supervised release. |
| #4 | The offender has allegedly violated the supervised release condition that states: "The supervised releasee shall pay restitution in the amount of $13,264 to the Fifth Third Bank". Strickland has not paid anything towards her restitution obligation of $13,264 with less than one week remaining on her period of supervised release. |

U.S. Probation Officer Recommendation:

The term of supervision should be
  [X]   Revoked.
  [ ]   Extended for  years, for a total term of  years.
  [ ]   Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
  [ ]   The conditions of supervision should be modified as follows:

PROB 12C
Rev 2/03

3

I declare under penalty of perjury that the foregoing is true and correct.

Approved

Executed on **April 3, 2006**        by

*David J. Backman* (signature)
**David Backman**
U.S. Probation Officer

*John Cole* (signature)
**John Cole**
Supervising U.S. Probation Officer
Date:    April 3, 2006

---

THE COURT ORDERS:

[ ]  No Action
[X]  The Court finds that there is probable cause to believe the defendant has violated the conditions of his/her probation/supervised release and orders the Issuance of a Warrant for his/her arrest.
[X]  The Issuance of an Order to Appear and Show Cause, and tolling of the supervision term.
[ ]  The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
[ ]  Other

*(signature)*
Signature of Judicial Officer

4/5/06
Date